CHARVAT, Appellant,

v.

ATW, INC., d.b.a. Air–Tite Windows, Inc., Appellee.

[Cite as *Charvat v. ATW, Inc.* (1998), 127 Ohio App.3d 288.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APG09–1163.

Decided April 21, 1998.

*Philip J. Charvat, pro se.*

LAZARUS, Judge.

Plaintiff-appellant, Philip J. Charvat, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, awarding him $500 for violations of the Telephone Consumer Protection Act ("TCPA"), Section 227(c)(5), Title 47, U.S.Code. On October 31, 1997, the case was tried to a magistrate, who found in favor of Charvat on a portion of his allegations and awarded him $500, plus court costs and interest. Charvat filed objections to the magistrate's decision, contending that he was entitled to $2,000 in damages for multiple violations. On August 14, 1997, the court overruled the objections and adopted the findings of fact and conclusions of law of the magistrate. Charvat appeals, assigning as error the following:

1. "The trial court erred in failing to award plaintiff damages for the found violations of law within the defendant's first call to plaintiff."

2. "The trial court erred in sustaining defendant's allegation of the statutory affirmative defense for violations of law, when, as a matter of law, Defendant is precluded from having met the burdens necessary to sustain it, and the Court must therefore award statutory compensatory damages."

Charvat filed suit pursuant to a private right of action set forth in the TCPA, Section 227(c)(5), Title 47, U.S.Code, which states:

"(5) Private right of action. A person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise

permitted by the laws or rules of court of a State bring in an appropriate court of that State—

"(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

"(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

"(C) both such actions."

The regulations restricting telephone solicitation are found at Section 64.1200, Title 47, C.F.R., and provide:

" (e) No person or entity shall initiate any telephone solicitation to a residential telephone subscriber:

" * * *

"(2) Unless such person or entity has instituted procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

"(i) *Written policy.* Persons or entities making telephone solicitations must have a written policy, available upon demand, for maintaining a do-not-call list.

"(ii) *Training of personnel engaged in telephone solicitation.* Personnel engaged in any aspect of telephone solicitation must be informed and trained in the existence and use of the do-not-call list.

"(iii) *Recording, disclosure of do-not-call requests.* If a person or entity making a telephone solicitation (or on whose behalf a solicitation is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name and telephone number on the do-not-call list at the time the request is made. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the solicitation is made, the person or entity on whose behalf the solicitation is made will be liable for any failures to honor the do-not-call request. In order to protect the consumer's privacy, persons or entities must obtain a consumer's prior express consent to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a solicitation is made or an affiliated entity.

"* * *

"(vi) *Maintenance of do-not-call lists.* A person or entity making telephone solicitations must maintain a record of a caller's [*sic*] request not to receive

future telephone solicitations. A do not call request must be honored for 10 years from the time the request is made."

This case arose as a result of two telemarketing calls made to Charvat by defendant-appellee, ATW, Inc., d.b.a. Air–Tite Windows, Inc. ("ATW"), a company in the replacement-window industry. On January 9, 1996, a telemarketer by the name of Jim telephoned Charvat in an attempt to sell him windows. Charvat told Jim that he did not want to be called again and asked that ATW mail him a copy of its do-not-call policy. Jim argued with Charvat. Charvat told Jim that his company could be liable for $500 if he failed to comply. Jim became angry and hung up on Charvat. ATW did not send its written policy in response to the January 9 call. The magistrate found that Jim willfully refused to send the policy.

On July 16, 1996, another ATW telemarketer, Michael, telephoned Charvat in an attempt to sell him replacement windows. Charvat asked that he not be called again. Michael said that he would put Charvat on ATW's do-not-call list. Charvat also asked Michael to send him a copy of its written do-not-call policy. Michael was not authorized to send the policy by himself. Charvat called back a week later, and ATW sent a copy of its policy in a letter postmarked July 22, 1996. The magistrate found that ATW's compliance with Charvat's request for the policy within a week of the request to be a reasonably timely response. The magistrate further found that ATW did not willfully seek to violate the statute when it made the second telephone call and that Charvat suffered no actual monetary loss from the second telephone call.

The magistrate found that Charvat had told ATW not to call him back during the first call of January 9, 1996, and that ATW had failed to honor that request when it called back on July 16, 1996, less than one year later. The magistrate concluded that the second call violated Section 227(c)(5), Title 47, U.S.Code. The magistrate further found that Charvat could not recover on the additional violation he claimed from the first call. The magistrate reasoned that as of the date of the first telephone call, ATW had not yet made "more than one telephone call in any 12–month period" and, accordingly, was not yet in violation of the statute when it made the first call.

In his first assignment of error, Charvat argues that the trial court erred in failing to award him damages for violations stemming from the first call. Charvat focuses on the statutory text of subparagraph (B) of Section 227(c)(5) of the TCPA, which states that an action may be brought to receive "up to $500 in damages for *each* such violation." (Emphasis added.) Charvat argues that violations are defined in the statute as "violations of the regulations prescribed under this subsection." Charvat claims that ATW violated the TCPA by failing to train the solicitor, failing to log the do-not-call request after the first call,

failing to send the do-not-call policy after the first call, and making the second call within a twelve-month period. He contends that he should receive statutory damages for each of these violations.

ATW has not filed an appellate brief. Nevertheless, based on our analysis of the relevant statute, we agree with the trial court that Charvat cannot recover for violations prior to the second call. Our interpretation of the statute is based on the meaning of the following language in Section 227(c)(5), Title 47, U.S.Code:

"A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may * * * bring * * * an action * * * for each such violation."

As Judge Taylor has noted in a similar case:

"[T]he phrase 'in violation of the regulations prescribed under this subsection' modifies 'telephone call.' * * * It is therefore the 'telephone call' that is the actionable violation." *Charvat v. Colorado Prime* (Sept. 2, 1997), Franklin Cty. M.C. No. M9609CVI–029273, unreported, at 3–4, 1998 WL 634922.

 The purpose of this portion of the statute is to prevent repeated telemarketing calls to someone who has told the telemarketer not to call. No private right of action accrues and a telemarketer is not in violation of the statute unless and until it telephones a party more than once in any twelve-month period after the person has informed the telemarketer that he or she does not want to be called.

 We do not agree with Charvat's contention that once the second call is made, triggering the right to file suit, each and every violation from the first call forward is compensable. The intent of the statute is not to create liability beginning with the first call. A person must inform the telemarketer that he or she does not wish to be called again before a second call results in a violation. The regulations assume that a person has made a do-not-call request in a prior call. See Section 65.1200(e)(2)(vi), Title 47, C.F.R. (*"Maintenance of do-not-call lists.* A person or entity making telephone solicitations must maintain a record of a caller's [*sic* ] request not to receive future telephone solicitations. A do not call request must be honored for 10 years from the time the request is made"). The first assignment of error is not well taken.

In his second assignment of error, Charvat claims that the trial court erred in not awarding him treble damages after it found a "willful" refusal to send the do-not-call policy after the first call. Section 227(c)(5), Title 47, U.S.Code permits the court to award treble damages in the event a defendant is found to have willfully or knowingly violated the regulations:

"If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

Having determined that Charvat may not recover for violations stemming from the first call, and there being no finding of a willful or knowing violation in the second call, we find this assignment of error to be moot.

Based on the foregoing, the first assignment of error is overruled, the second assignment of error is overruled as moot, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.